IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:
CALVIN JAMES OTTO

    Debtor.

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| SOCIAL SECURITY ADMINISTRATION, | § | |
|     Appellant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:13-cv-1331 |
| | § | |
| CALVIN JAMES OTTO, | § | |
|     Appellee. | § | |

## MEMORANDUM AND ORDER

The Social Security Administration ("SSA") filed this appeal from a decision of the Bankruptcy Court denying its request to exercise setoff rights against Debtor Calvin James Otto.

### I. FACTS

The parties have stipulated to the following facts. Mr. Otto was born in 1950. In 1983, the SSA determined that Mr. Otto was entitled to Social Security disability benefits, which he collected until May 2005. In April 2005, the SSA determined that 1) Mr. Otto was no longer eligible for disability benefits and 2) Mr. Otto had been overpaid disability benefits since April 2002, amounting to $49,178.60 (the "Overpayment").

In September 2012, Mr. Otto was fully insured under Title II of the Social Security Act and he applied for Social Security old age benefits. In October 2012, the SSA determined that he was qualified to receive those benefits as of September 2012. Because of Mr. Otto's level of work,

however, the Agency determined that such benefits would not be immediately payable and no payments were made until after the filing of Mr. Otto's bankruptcy petition on November 30, 2012. The SSA's first payment of Mr. Otto's old age benefits occurred on April 5, 2013.

## II. THE BANKRUPTCY COURT'S DECISION

The Bankruptcy Court held that SSA's obligation to make future monthly payments of Social Security old age benefits was a postpetition obligation. Accordingly, the Court held that SSA had no right to offset the prepetition Overpayment against its obligation to make future monthly payments. 11 U.S.C. § 553.

In particular, the Bankrutpcy Court relied on *Lee v. Schweiker*, 739 F.2d 870 (3d Cir. 1984). On similar facts, the Third Circuit there held that a recipient of retirement insurance benefits does not become entitled to benefits for each month until the recipient survives through the last day of the month.[1] Therefore, prepetition debts could not be offset against retirement payments that come due postpetition.

## III. ANALYSIS

The Bankruptcy Court applied correctly the holding of *Lee v. Schweiker*. If that decision correctly reflects the law of the United States Court of Appeals for the Fifth Circuit, then the Bankruptcy Court's decision should be affirmed.

It is not clear, however, that *Lee v. Schweiker* represents the law in this Circuit. In a case addressing the doctrine of recoupment, the Fifth Circuit declined to consider the correctness of *Lee*. *Horn v. United States Def. Fin. and Accounting Serv.*, 48 F. App'x 481, 2002 WL 31049576, at *

---

[1] Under 42 U.S.C. § 402(a), a recipient is entitled to a retirement insurance benefit beginning when the recipient satisfies certain criteria, and "ending with the month preceding the month in which he dies."

2 (5th Cir. 2002).

SSA argues at length that an individual's entitlement to old age payments begins once an individual meets the required age and insured status, and files a retirement application. *See* 42 U.S.C. § 402(a). SSA further argues that entitlement does not end each month, but only "with the month preceding the month in which [the recipient] dies." *Id.* On this analysis, Mr. Otto's retirement entitlement arose prepetition and could be subject to SSA's setoff of the amount of the Overpayment.

SSA invokes decisions from this Circuit that have applied reasoning analogous to that which it urges here, although not in the same context. In *Braniff Airways, Inc. v. Exxon Co., U.S.A.*, 814 F.2d 1030, 1036 (5th Cir. 1987), the Court stated, "[t]he character of a claim is not transformed from prepetition to postpetition simply because it is contingent, unliquidated or unmatured at the time the debtor files for bankruptcy." In *IRS v. Luongo (In re Luongo)*, 259 F.3d 323, 333-35 (5th Cir. 2001), the Fifth Circuit held that the Internal Revenue Service could offset a prepetition debt owed by the debtor to the IRS against an overpayment arising from a tax return the debtor filed postpetition. In *Sherman v. First City Bank of Dallas (In re United Sciences of America)*, 893 F.2d 720, 724 (5th Cir. 1990), the Fifth Circuit allowed a bank's assertion of a right to chargeback debtor's accounts postpetition for uncollectible credit card settlements with the debtor's customers. The Court reasoned that a debt may be absolutely owing prepetition even though such debt would not have come into existence except for a postpetition event.

Nonetheless, *Lee v. Schweiker* is not an outlier. The very issue at the heart of this appeal was confronted in *In re Rowan*, 15 B.R. 834, 840 (Bankr. N.D. Ohio 1981), *aff'd Rowan v. Morgan*, 747 F.2d 1052 (6th Cir. 1984). The Bankruptcy Court held that "Debtor is entitled to Social Security benefits only until the month 'preceding the month in which he dies.' 42 U.S.C. § 402(a). Continued

receipt of benefits is conditioned upon Debtor living each full month. Only after Debtor survives for a full month is he entitled to benefits for that month." *Id.* The court then specifically addressed setoff:

> The right of setoff found in 11 U.S.C. Section 553, also would not apply herein. On January 12, 1981 when the Petition was filed, there was no fund held by SSA against which it could off-set the debt owed it. This is due to the fact that Debtor was not yet entitled to Social Security benefits for January as he had not yet survived that month. As the fund against which the right of set-off is to be exercised must be in existence as of the commencement of the case, 11 U.S.C. Section 553(a), the right of set-off could not be utilized herein.

*Id.* As noted, the Court of Appeals for the Sixth Circuit affirmed the Bankruptcy Court.

It must be acknowledged that there exist significant precedents and policy arguments that can be adduced by both sides to this appeal. The authority at the level of the federal courts of appeals, however, does favor Mr. Otto's position. Mindful of its status in the judicial hierarchy, this Court is not inclined to depart from the learning of courts of appeals, even if the Court of Appeals for this Circuit has not yet spoken.

Accordingly, this Court **AFFIRMS** the decision of the Bankruptcy Court. The Court also commends this case to the Court of Appeals for the Fifth Circuit for further consideration.

**IT IS SO ORDERED.**

Signed at Houston, Texas on this the twenty-fifth day of April, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE